IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES TALBERT, | ) | |
|     Plaintiff, | ) | C.A. No. 24-122 Erie |
| | ) | |
| v. | ) | District Judge Susan Paradise Baxter |
| | ) | Chief Magistrate Judge Richard Lanzillo |
| RANDY IRWIN, et al., | ) | |
|     Defendants. | ) | |

### MEMORANDUM ORDER

Plaintiff Charles Talbert, an inmate formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"),[1] commenced this action in the Forest County Court of Common Pleas, against, *inter alia*, the Pennsylvania Department of Corrections ("DOC") and multiple DOC employees, most of whom are staffed at SCI-Forest. The action was removed to this Court by notice of removal filed on May 6, 2024 [ECF No. 1], and the case was referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

Plaintiff subsequently filed an amended complaint on June 14, 2024, which is the operative pleading in this case. [ECF No. 16]. In his amended complaint, Plaintiff names as Defendants no less than fifty-one (51) individuals and entities, consisting of seven governmental agencies, six state officials, three state police officers, ten DOC supervisors or administrators,

---

[1] Plaintiff is currently incarcerated at Riverside Correctional Facility in Philadelphia, Pennsylvania.

1

fourteen corrections officers, eight DOC medical providers, two non-DOC medical providers, and Aramark, a private corporation under contract with the Commonwealth of Pennsylvania to provide medical services to DOC inmates.

On March 18, 2025, this Court entered a Memorandum Order adopting the Report and Recommendation of Chief Magistrate Judge Lanzillo and dismissing all allegations of Plaintiff's amended complaint, without prejudice, pursuant to 28 U.S.C. § 1915A and Rules 8 and 20 of the Federal Rules of Civil Procedure, except for the following: Plaintiff's claim against Defendants Casey, Beesley, Parcell, and Shurock for the alleged use of excessive force on March 31, April 1, and June 28, 2023, as described in paragraphs 99-102; and Plaintiff's deliberate indifference and conditions of confinement claims against Defendants Parcell, Shurock, Arias, Gibson, and McGinley for denying him medical treatment and placing him in a restraint belt for 24 hours following the OC spray incident on June 28, 2023, as described in paragraphs 103-105. [ECF No. 101]. Accordingly, all other claims were dismissed from this case and all Defendants other than Defendants Casey, Beesley, Parcell, Shurock, Arias, Gibson, and McGinley were terminated from this case. (Id.).

Plaintiff subsequently filed several dispositive motions: a motion for judgment on the pleadings against Defendant Beesley [ECF No. 117]; a motion for judgment on the pleadings against Defendants McGinley, Gibson, Arias, Casey, Parcell, and Shurock [ECF No. 119]; a motion for summary judgment against Defendant Beesley [ECF No. 133]; a motion for summary judgment against Defendants McGinley, Gibson, and Arias [ECF No. 138]; a motion for summary judgment against Defendant Casey [ECF No. 142]; and a motion for summary judgment against Defendants Parcell and Shurock [ECF No. 145]. Defendants then filed their

own motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies against all remaining Defendants other than Defendant Casey, who is excluded from Defendants' motion [ECF No. 153].

On January 21, 2026, Chief Magistrate Judge Lanzillo issued a Report and Recommendation [ECF No. 179] recommending that Plaintiff's motions for judgment on the pleadings [ECF Nos. 117, 119] and motions for summary judgment [ECF Nos. 133, 138, 142, 145] be denied, and that Defendants' motion for summary judgment [ECF No. 153] be granted as to Plaintiff's claims against Defendants McGinley, Gibson, Arias, and Shurock, but denied as to Plaintiff's claims against Defendants Purcell and Beesley. In particular, Judge Lanzillo found that Plaintiff failed to administratively exhaust his claims against Defendants Shurock, Arias, Gibson, and McGinley, but should be deemed to have exhausted his claims against Defendants Purcell and Beesley. Objections to the R&R were due to be filed by February 9, 2026; however, no objections have been received by the Court.

Thus, after *de novo* review of the motions and relevant documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this 11th day of February, 2026;

IT IS HEREBY ORDERED as follows:

1. The following motions filed by Plaintiff are all DENIED: motion for judgment on the pleadings against Defendant Beesley [ECF No. 117]; motion for judgment on the pleadings against Defendants McGinley, Gibson, Arias, Casey, Parcell, and Shurock [ECF No. 119]; motion for summary judgment against Defendant Beesley [ECF No. 133]; motion for summary judgment against Defendants McGinley, Gibson, and Arias [ECF No. 138]; motion for summary judgment against Defendant Casey [ECF No. 142]; and motion for summary judgment against Defendants Parcell and Shurock [ECF No. 145].

2. Defendants' motion for summary judgment [ECF No. 153] is GRANTED as to Plaintiff's claims against Defendants McGinley, Gibson, Arias, and Shurock, and judgment will be entered in favor of said Defendants and against Plaintiff on all claims against them, and the motion is DENIED as to Plaintiff's claims against Defendants Purcell and Beesley, and such claims shall proceed to trial.

The report and recommendation of Chief Magistrate Judge Lanzillo, issued January 21, 2026 [ECF No. 179], is adopted as the opinion of the court.

*[signature]*
SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
Chief U.S. Magistrate Judge